# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20001-2-CM |
| CHARDELL D. BROCKMAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on three related motions: Motion for Ineffective Assistance of Counsel Withdraw[al] of Guilty Plea (Doc. 53); Motion to Suppress Samantha Brown's Testimony Due to the Credibility of Witness Testimony (Doc. 54); and Motion to Vacate Chardell Brockman's Sentence and Reconsider Sentencing Mr. Chardell Brockman to the 18 to 1 Ratio (Doc. 55). Defendant seeks a lower sentence because his attorney did not fully advise him about sentencing possibilities before he entered into a plea agreement with the government, and because the testimony presented at his sentencing hearing was not credible.

Defendant does not mention the federal habeas statute—28 U.S.C. § 2255—in his motions. Nevertheless, the relief that he seeks is only available through a § 2255 motion. And even if the court were to recharacterize defendant's motions as a request for § 2255 habeas relief, defendant would have to clear a hurdle: he waived his right to bring a § 2255 motion, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), in his plea agreement.

Because of the nature of the relief that defendant seeks, the court is inclined to treat his three motions as a singular request for § 2255 habeas relief. Before doing so, however, the court wants to

give defendant an opportunity to contest the recharacterization and to withdraw or amend the motions. *See generally Castro v. United States*, 540 U.S. 375, 381–83 (2003). Defendant must be warned: If the court takes this action, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." *Id.* at 383. Defendant should therefore consider whether he has included all of the allegations that he wishes to bring in a § 2255 motion, and whether he should amend the allegations that he has raised. Defendant should also be aware that he has a one year statute of limitations to bring claims under § 2255 or his claims are barred. *See* 28 U.S.C. § 2255(f).

Unless defendant files with the court a notice of his desire not to have his three motions treated as a singular § 2255 motion—thereby withdrawing the motions—on or before May 14, 2010, the court will treat defendant's motions as a request for § 2255 relief. Alternatively, defendant may file a motion to amend his motions to explicitly set out his grounds for § 2255 relief no later than May 14, 2010. The court will direct the Clerk's Office to send defendant a standard form for § 2255 motions that defendant may use to amend his motions or refile later as a motion if defendant elects to withdraw his pending motions. If defendant does not move to amend the motions or withdraw them altogether, the court will construe the motions as a singular § 2255 motion and order the government to respond. If the court takes this action, any and all motions filed thereafter under § 2255 will be construed as successive, and can only be filed with permission by the Tenth Circuit Court of Appeals. *See United States v. Franklin*, No. 03-10151-01-WEB, 2006 WL 3240842, at *1 (D. Kan. Nov. 7, 2006). If defendant chooses to request to amend the motions under § 2255, he must include <u>all</u> claims that can be brought under 28 U.S.C. § 2255. *Id.*

**IT IS THEREFORE ORDERED** that on or before May 14, 2010, defendant must file either

(1) a motion to withdraw his currently pending motions (Docs. 53, 54, and 55) and a notice of his desire not to have his motions recharacterized as a request for § 2255 relief; or (2) a motion to amend the motions to include all claims that can be brought under 28 U.S.C. § 2255.  If defendant does not respond, the court will treat the motions as a request for § 2255 relief.

**IT IS FURTHER ORDERED** that the Clerk's Office forward a copy of the § 2255 petition form to defendant along with a copy of this order.

Dated this 13th day of April 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
