# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 09-20001-CM |
| CHARDELL BROCKMAN, | ) |
| Defendant. | ) |

## ORDER

On April 13, 2010, this court issued a Memorandum and Order ordering defendant to file either (1) a motion to withdraw his currently pending motions (Doc. 53, 54 and 55) and a notice of his desire not to have his motions recharacterized as a request for § 2255 relief; or (2) a motion to amend the motions to include all claims that can be brought under 28 U.S.C. § 2255 (Doc. 56). Pending before this court is defendant's Motion to Withdraw Currently Pending Motions (Doc. 58). For the reasons set out below, this court grants in part and denies in part defendant's motion.

First, defendant seeks to withdraw his currently pending motions: Motion for Ineffective Assistance of Counsel, Withdrawal of Guilty Plea (Doc. 53), Motion to Suppress Samantha Brown's Testimony Due to the Credibility of Witness Testimony (Doc. 54), and Motion to Vacate Chardell Brockman's Sentencing and Reconsider Sentencing Mr. Chardell Brockman to the 18 to 1 Ratio (Doc. 55). Because this court ordered defendant to either withdraw his currently pending motions or file a motion to amend, his request to withdraw his pending motions is granted, and his pending motions (Docs. 53, 54 and 55) are considered withdrawn.

Defendant further requests this court issue an order requiring Tim Burdick, defendant's

attorney, to provide defendant with a copy of his case record, and transcripts of court proceedings that took place on July 29, 2009 and January 28, 2010. Pursuant to 28 U.S.C. § 753(f), defendant is entitled to a free copy of a hearing transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting *Brown v. N. Mex. Dist. Court Clerks*, No. 97-2044, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998)) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Defendant does not have the right to a free transcript simply out of desire to search the record for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *MacCollom*, 426 U.S. at 326–27). Defendant must show a particularized need for copies of the transcripts. *United States v. Bennett*, No. 06-20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993)). Defendant does not satisfy the requirements of 28 U.S.C. § 753(f) by making general statements regarding counsel's ineffectiveness. *Cline*, 2007 WL 2071762, at *2 (citing *MacCollom*, 426 U.S. at 326–27). However, the court may authorize defendant's attorney to provide copies of any transcripts to defendant at his own expense. *United States v. Lacey*, No. 89-20054-01-SAC, 1999 WL 316904, at *2 (D. Kan. Apr. 14, 1999) (authorizing defendant's attorney to provide copies of transcripts to defendant if defendant's attorney possessed them).

Defendant's request for records is handled much the same way as a request for transcripts. "Courts have denied requests for trial transcripts and pretrial records for failure to meet the standard announced in *MacCollom*, 426 U.S. at 327, and followed in *Sistrunk*, 992 F.2d at 259." *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (citing *United States*

*v. Chambers*, 788 F. Supp. 334 (E.D. Mich. 1992) ("denying motion for free record for failure to set forth sufficiently specific factual allegations")).

Defendant reasons that the record and transcripts will allow him to "properly investigate and/or prepare meritorious filings." (Doc. 58.) However, he does not provide particular reasons why he believes the record and transcripts will assist him with possible future filings. Further, defendant has not yet filed a motion under 28 U.S.C. § 2255 with this court. In fact, he is asking this court to withdraw all of the motions previously filed post-sentence in order to file a possible § 2255 motion. This circuit has held that a § 2255 motion must be on file to "trigger the statute that explicitly grants indigent habeas corpus petitioners documents or parts of the record without cost." *Lewis*, 1994 WL 563442, at *1 (citing *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)) (internal quotation marks omitted).

Because there is no § 2255 motion on file by defendant with this court, and defendant's pending request does not specifically indicate how the records and transcripts will aid him in the filing of a § 2255 motion, this court denies his request at this time. The court does, however, authorize defendant's attorney, Tim Burdick, to provide copies of the record and transcript to the defendant at defendant's expense, if defendant so requests. *Lacey*, 1999 WL 316904 at *2. If, however, defendant files a § 2255 motion and specifically requests a free copy of the record and/or transcripts, indicating with particularity how the records and/or copies of transcripts will aid him in furtherance of his § 2255 motion, the court would reconsider the request at that time.

**IT IS THEREFORE ORDERED** that defendant's Motion to Withdraw Currently Pending Motions (Doc. 58) is granted in part and denied inn part.

**IT IS FURTHER ORDERED** that defendant's pending motions, Motion for Ineffective Assistance of Counsel, Withdrawal of Guilty Plea (Doc. 53), Motion to Suppress Samantha Brown's

Testimony Due to the Credibility of Witness Testimony (Doc. 54) and Motion to Vacate Chardell Brockman's Sentencing and Reconsider Sentencing Mr. Chardell Brockman to the 18 to 1 Ratio (Doc. 55) are considered withdrawn.

**IT IS FURTHER ORDERED** that defendant's request for a free copy of the record and hearing transcripts from July 29, 2009 and January 28, 2010 is denied without prejudice.

Dated this 27th day of May 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**UNITED STATES DISTRICT JUDGE**