# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARDELL D. BROCKMAN,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case Nos. 09-20001-2-CM |
| ) | 10-2307-CM |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |
| _____) | |

## MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 60), petitioner's Motion for Appointment of Counsel (Doc. 62), and the government's Motion to Enforce Plea Agreement and Response in Opposition to Defendant's Motion Under 18 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 65). Petitioner argues that his appointed counsel provided ineffective assistance, rendering his plea unknowing and involuntary. The government moves to enforce the waiver in the plea agreement and deny petitioner's motion. (Doc. 62.) For the reasons set forth below, this court denies petitioner's § 2255 motion, and grants the government's motion.

**I.     Factual and Procedural Background**

Petitioner and his co-defendant were stopped in a vehicle by a Lawrence, Kansas police officer in August 2008 after petitioner's co-defendant was observed engaging in a drug transaction. Petitioner fled from the vehicle while the police officer remained with the co-defendant. Police officers searched the vehicle and discovered a substance, later discovered to be crack cocaine, and drug paraphernalia. Police officers questioned petitioner's co-defendant, who identified petitioner as

the passenger who fled from the vehicle. Petitioner was later arrested on an unrelated matter, and, after waiving his *Miranda* rights, stated that he knew the drugs were in the vehicle and that these drugs were to be sold.

Petitioner pleaded guilty to Count 1 of the Indictment, Possession with Intent to Distribute more than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Petitioner was sentenced on January 28, 2010 to a term of 100 months imprisonment.

Petitioner did not file an appeal, but rather filed this timely § 2255 motion.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner brings the following two claims of ineffective assistance of counsel: (1) his counsel rushed and coerced petitioner into pleading guilty, failed to inform the court of petitioner's history of mental illness and further failed to request a psychological evaluation regarding his mental competency at the time of the offense, and his present ability to assist with his defense in this matter, and (2) his counsel failed to investigate the government's sentencing witness prior to sentencing, and failed to request a suppression of the statements made by the government's witness at sentencing due to the witness's admission that she had used drugs within 24 hours prior to appearing (Doc. 60,

at 3–15.) The government moves to enforce the waiver provision of petitioner's plea agreement, arguing that the issues fall within the scope of the plea waiver, and that it would not be a miscarriage of justice to enforce the plea waiver. (Doc. 65.)

### A. The Scope and Validity of the Waiver

At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily and of his own free will; that no one had forced or threatened him to do so; that his counsel informed him of the charges and consequences of pleading guilty; and that he was satisfied with the advice and services of his attorney. (Doc. 65-1, at 24, 29–30.) He also stated that he had reviewed and understood the waiver of his right to appeal and collaterally attack his sentence and conviction, and indicated that he wanted to proceed, knowing he was waiving or giving up these rights. (*Id*. at 22–23.) Further, petitioner signed the plea agreement, in open court, which sets out the following in paragraph 13, entitled "Waiver of Appeal and Collateral Attack":

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction, or the components of the sentence to be imposed herein (including the length of conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release), except his right to collaterally attack based on ineffective assistance of counsel. He is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court. He also waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) and ineffective assistance of counsel], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, he waives the right to appeal the conviction in this case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 37, at 8–9.)

Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the evidence suggests that petitioner knowingly and voluntarily entered his plea.

### B. Whether Enforcing the Waiver Would Result in a Miscarriage of Justice

Enforcing a waiver results in miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted). Petitioner has not provided evidence, nor does he argue, that the court relied on an impermissible factor such as race in these proceedings, or that the plea waiver was unlawful. Further, petitioner's sentence did not exceed the statutory maximum. He focuses instead on the second factor, ineffective assistance of counsel.

Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver. *Hahn*, 359 F.3d at 1327; *see Cockerham*, 237 F.3d at 1187. The court applies the standard

identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance rendering petitioner's plea unknowing and involuntary. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

### i. Claims Falling Within the Scope of the Plea Waiver

Although petitioner's second claim is entitled "Ineffective Assistance of Counsel," he specifically argues that his counsel was ineffective for issues resulting from the sentencing hearing. Petitioner fails to show a connection between the negotiation of the plea waiver and counsel's failure to investigate the government's sentencing witness, or to request a suppression of her testimony at the sentencing hearing. *See Hahn*, 359 F.3d at 1327. The plea waiver states that petitioner waived any right to "appeal the conviction in this case" or "to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." (Doc. 37, at 9.) The court did not depart upward from the applicable sentencing guideline range. In fact, the court sentenced petitioner to the low end of a guideline range of 100 to 125 months imprisonment. The court finds that this claim is waivable under *Hahn*, and further finds that it would not be a miscarriage of justice to enforce the waiver as to this claim.

### ii. Ineffective Assistance of Counsel Claims Possibly Outside the Scope of the Plea Waiver

Petitioner argues that he "was mentally unstable at the time of his offense, he did not understand the charges against him, and he was unable to assist his attorney in his own defense." (Doc. 60, at 4.) He further argues that because his attorney knew that petitioner had a history of mental illness, counsel should have informed the court of his mental instability and asked the court to order a mental evaluation in order to determine whether petitioner was competent at the time he

committed the offense and whether he was competent assist his counsel in his own defense. Finally, petitioner asserts that his counsel "coached, coerced and rushed" him into pleading guilty to an eight-and-a-half year sentence.

The court applies the standard identified in *Strickland* when determining whether a habeas petitioner's counsel provided ineffective assistance during the negotiation of the waiver. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Competence at the time of the offense

As to petitioner's first argument, that he was mentally incompetent at the time of the offense, this claim is waived under the plea agreement. *United States v. Williamson*, No. 87-CR138-C, 1991 WL 261694, at *2 (10th Cir. Dec. 5, 1991) (citing *United States v. Donohoe*, 458 F.2d 237, 239 (10th Cir. 1972), *cert. denied*, 409 U.S. 865 (1972)) (noting that "a guilty plea waives all

nonjurisdictional defenses"). Because petitioner chose to enter a plea a guilty, this court "had no duty to specifically inquire into competency at the time of the commission of the offense." *Donahoe*, 458 F.2d at 239.

Competence at the time of the plea

Petitioner argues that his counsel should have requested a mental competency evaluation in order to "determine if he was mentally stable when he committed the offense, to determine if he understood the charges against him" and " to determine if he was able to assist his attorney in his own defense[,] [t]hat is, to determine if movant Brockman was mentally compe[n]tant to stand trial." (Doc. 60, at 4, 14.) Although petitioner does not specifically argue that he was incompetent at the time he entered his plea, the court construes his arguments regarding his ability to assist his counsel and whether he understood the charges against him as such.

"[T]he test of mental competency at the time of trial or the entering of a plea in a criminal case is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Phillipose*, 163 F. App'x 636, 641 n.3 (10th Cir. 2005) (quoting *Fields v. Gibson*, 277 F.3d 1203, 1215 n.7 (10th Cir. 2002)) (internal quotation marks omitted). Although petitioner argues that his counsel knew that he had a history of mental illness, a defendant's history of mental problems does not necessarily establish mental incompetency upon entering a guilty plea. *Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995) (noting that "petitioner's history of mental problems, low intelligence, psychotropic medication, and substance abuse do not establish that he was incompetent to plea"). Further, the evidence in the record fails to support his claims. The court conducted the following inquiry with petitioner during the plea

-7-

colloquy:

| | | |
|---|---|---|
| The Court: | | Have you received any treatment recently for any type of mental illness or addiction to narcotic drugs of any kind? |
| The Defendant: | | No, sir. |

. . .

| | | |
|---|---|---|
| The Court: | | Today, are you mentally aware of what you're doing here? |
| The Defendant: | | Yes, sir. |
| The Court: | | And as such, are you asking this court of your own free will to accept your guilty plea? |
| The Defendant: | | Yes, sir. |
| The Court: | | And after going over the matter thoroughly with your attorney and learning the evidence against you, have you decided that what you want to do is enter a plea of guilty to this charge? |
| The Defendant: | | Yes, sir. |
| The Court: | | Now, is the decision to enter this plea of guilty, is that your decision or Mr. Burdick's? |
| The Defendant: | | We came to a conclusion that, I mean, that I should plead guilty to my best interests. |
| The Court: | | And what I'm asking you is, did Mr. Burdick tell you you had to plead guilty or did he force you to plead guilty? |
| The Defendant: | | No, sir. |
| The Court: | | And so, I'll go back to the question. In the end, was it your decision or Mr. Burdick's decision for you to plead guilty? |
| The Defendant: | | My decision. |

(Doc. 65, at 29–30.)

Petitioner received a high school education, appeared lucid at the plea hearing and answered the court's questions during the plea hearing in a reasonable, clear manner. Further, during the plea hearing, he failed to bring to the court's attention anything that would cause this court to believe he was incompetent to enter a guilty plea, or was unable to consult with his attorney in a reasonable manner. There is a lack of evidence in the record that supports petitioner's claims that he did not understand the charges pending against him, or that he could not aid his attorney with his defense. Therefore, this court finds petitioner had a "reasonable degree of rational understanding" of the proceedings against him and entered into his plea with a "present ability" to assist his attorney in his

defense. *See Phillipose*, 163 F. App'x at 641.

### Coercion to Enter Plea by Counsel

Petitioner further argues that counsel coerced him into pleading guilty. However, this claim is contradicted by evidence in the record. During the plea colloquy, the court determined that petitioner knowingly and willingly entered his plea of guilty, and found that petitioner was not forced into entering a guilty plea by his attorney. In fact, as referenced in the colloquy above, the court asked petitioner whose decision it was to plead guilty, to which petitioner answered that it was his decision, not his attorney's. (Doc. 65-1, at 29.) Petitioner has failed to substantiate his conclusory claim that his counsel coerced him into pleading guilty. A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Petitioner has failed to prove that he was prejudiced by his counsel failing to request a mental evaluation regarding his competency at the time of the offense and regarding his competency at the time of entering his guilty plea. Petitioner has further failed to prove that his counsel coerced him into pleading guilty. He has not met his burden under *Strickland*. After reviewing the record in its entirety, and engaging in the required analysis, the court finds that petitioner's plea waiver was knowing and voluntary and that it would be not be a miscarriage of justice for this court to enforce the waiver provision of his plea agreement.

## C. **Evidentiary Hearing Request**

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255

petition may be resolved on the record).

**D.     Appointment of Counsel**

Petitioner does not have the right to appointment of counsel beyond a first right to appeal, therefore petitioner is not entitled to appointed counsel when bringing a § 2255 motion. *United States v. Hughes*, Nos. 05-3393-SAC, 01-40086-01-SAC, 2005 WL 3336506, at *1 (D. Kan. Nov. 10, 2005) (citing *Penn. v. Finley*, 481 U.S. 551, 555 (1987)).  Further, a defendant has a right to counsel only when an evidentiary hearing is required.  *Hughes*, 2005 WL 3336506, at *1, (citing *Swazo v. Wyo. Dep't of Corrs. State Pen. Warden*, 23 F.3d 332, 333 (10th Cir. 1994)).  Because an evidentiary hearing is not required in this matter, defendant does not have a right to counsel. Petitioner's motion for appointment of counsel is denied.

**E.     Certification of Appeal**

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 60) is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel (Doc. 62) is denied.

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Waiver in the Plea Agreement (Doc. 65) is granted.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 18th day of August, 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**